⚖ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
V.
TROY LAMONT CLEMENT
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 1:09 cr 23-4

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 .
  ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
*Date*

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 23-4

UNITED STATES OF AMERICA,

Vs.                                                               **ADDENDUM TO**
                                                                          **DETENTION ORDER**

**TROY LAMONT CLEMENT.**

_____

**I.    FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**II**.                                                         **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being a significant amount of cocaine base.

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant. Wire intercepts of telephone conversations were made by the Drug Enforcement Agency which recorded telephone conversations between the defendant and a co-defendant in which the defendant made arrangements to come to the home of the co-defendant and to purchase quantities of cocaine base.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, he has had employment but is not employed at the present time. The defendant has had a long length of residence in the Buncombe County community, having resided there all of his life. The defendant's history shows that he has diabetes, high blood pressure and heart issues. The defendant's history relating to drug or alcohol abuse shows that he is a "heavy drinker of alcohol" and has consumed such amounts of alcohol for the past 11 years. The defendant has participated in alcohol outpatient treatment on three occasions. The defendant has used cocaine since 1987. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Misdemeanor solicitation to commit a felony, that being possession of counterfeit controlled substances | 09/19/09 |
| Intoxicated and disruptive | 07/15/03 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Assault on a female | 11/17/88 |
| Damage to personal property | 07/24/91 |
| Misdemeanor domestic violence protection order violation | 09/17/03 |
| Resisting an officer | 07/15/03 |
| Misdemeanor breaking or entering, misdemeanor larceny | 09/19/03 |
| Second degree trespass | 01/04/06 |
| Felony breaking or entering, felony larceny after breaking or entering, communicating threats, injury to personal property, misdemeanor breaking or entering, domestic criminal trespass | 01/04/06 |

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant had been charged with misdemeanor larceny on December 24, 2008 and had been released on terms and conditions of bond.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The undersigned finds that there is a statutory presumption, based upon the charges against the defendant, that the release of the defendant would create a risk of harm or danger to any other person or the community. This presumption is subject to rebuttal by the defendant. The presumption has not rebutted. The testimony in this matter shows that the weight of the evidence against the defendant is strong and signification. The Drug Enforcement Agency has recorded telephone conversations between the defendant and one of his co-defendants in which the defendant was making the necessary arrangements to purchase crack cocaine. The criminal record of the defendant shows that the defendant has committed the offense of assault on a female, misdemeanor domestic trespass, resisting an officer and another count of domestic criminal trespass. As a result, the undersigned finds by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community and the defendant has not rebutted the presumption in favor of detention and as a result, the undersigned will enter an order detaining the defendant.

The undersigned does find by a preponderance of the evidence that the defendant has rebutted the presumption that his release would create a risk of flight on his part. The entire criminal record of the defendant, which is significant, shows that all of the defendant's criminal activity has been involved in Buncombe County, NC. As a result, the undersigned finds that the release of the defendant would not create a risk of flight on his part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: April 20, 2009

Dennis L. Howell
United States Magistrate Judge